PER CURIAM.
Sidney McDowell appeals from a judgment of conviction of murder in the second degree, and assigns as error: 1. Admission into evidence of a certain pistol, and 2. Admission into evidence of a statement made by appellant.
The record reflects without contradiction that appellant entered into a dwelling house where a number of people were congregated and demanded from decedent the keys to an automobile that he had sold decedent or the money owed upon same. It is obvious from the record that tension was in the air because the persons congregated in the room immediately dispersed as defendant pulled out a pistol and began shooting his victim.
Appellant's primary defense may be summed up in the following testimony adduced :
“Q. Did you go down there then to the man’s house?
(BY DEFENDANT)
“A: I went down to his house and I knocked on the door and they opened the door and I went in and when I went in all of them ran out of the house, and so I asked Mr. Joe Lewis, I told him, I said I came after my money or the car one and he reached for his pocket and I shot him.”
Decedent had no lethal weapon upon his person.
The evidence overwhelmingly supports the judgment of conviction. As to the two points posed by appellant on appeal, the appellant himself identified the pistol in a statement to the arresting officers after being fully and thoroughly instructed as to *799 each and every constitutional right he possessed. We find that the questions posed are without merit.
Affirmed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.